UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WAYNE COPELAND, THOMAS
SAMPSON, JR., and all others similarly
situated,

       Plaintiffs,                              Case No. 05-73370

v.                                      Honorable Patrick J. Duggan

HOWARD ALAN KATZ, an individual;
KATZ & KATZ, P.C., a Michigan
Corporation, ROBERT LUTREN, an
individual; ROBERT LUTREN, INC., a
Michigan Corporation; HENRY FORD
HEALTH SYSTEM, a Michigan
Corporation; CREDIT ACCEPTANCE
CORPORATION, a Michigan Corporation,

       Defendants.

_____/


**OPINION AND ORDER**
**GRANTING DEFENDANT CREDIT ACCEPTANCE CORPORATION'S**
**MOTION TO STAY PROCEEDINGS PENDING ARBITRATION**


At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on November 28,2005.

       PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE


On August 8, 2005, Plaintiffs filed their First Amended Class Action Complaint

against Defendants in the Circuit Court for Oakland County, alleging fraudulent debt

collections.  Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331,

1453, and 1446.  Presently before the Court is Defendant Credit Acceptance

Corporation's Motion to Stay Proceedings Pending Arbitration, filed on September 30,

2005.  For the reasons set forth below, Defendant's Motion shall be granted.

## I.    Factual Background

Plaintiffs' Complaint alleges that Defendants Henry Ford Health System and Credit

Acceptance Corporation hired Defendant Katz and his firm to collect past-due debts.

(First Am. Compl. at ¶15).  Katz hired Lutren and his firm to serve the debtors with the

summons and complaint notifying them to appear in court.  (*Id.* at ¶17).  Plaintiffs'

Complaint alleges that Lutren's employees falsely represented in court documents that

they had served the debtors when they had not.  (*Id.* at ¶18).  As a result, Plaintiffs failed

to appear in court and had default judgments entered against them.  (*Id.* at 23-24).

According to Plaintiffs, Defendants knew or should have known that the court documents

contained false information.  (*Id.* at ¶¶19-20, 29, 31).  Plaintiffs' Complaint is brought on

behalf of Plaintiffs Wayne Copeland, Thomas Sampson, Jr., and "all others who have

similarly suffered from Defendants', Howard Alan Katz, Katz & Katz, P.C., Robert

Lutren, Robert Lutren, Inc., failure to make any attempt to serve Plaintiffs with the

Summons and Complaints in the underlying debt collection lawsuits filed on behalf of

Defendant Credit Acceptance Corporation and Defendant Henry Ford Health System . . .

."  (*Id.* at ¶1).

Specifically, Plaintiff Copeland's claims arising out of efforts to collect past-due

amounts owed under a Retail Installment Contract that was assigned to Defendant Credit

Acceptance Corporation, under which Copeland purchased a vehicle.[1]  The Retail

Installment Contract contained an "Agreement to Arbitrate" provision, which provided, in

part:

> Any dispute, controversy or claim between Buyer, Seller and/or Seller's assignee,
> Credit Acceptance Corporation, or the employees, agents, or assignees of the
> other, arising out of or in any way related to the Contract, or any default
> hereunder, or the collection of any amounts due under this Contract, or the
> purchase, sale, delivery, set-up quality of the vehicle, or any product or service
> included in the Contract, whether based on contract, an alleged tort or other legal
> theory, shall be fully resolved by binding arbitration.

(Pl.'s Mot. Ex. 1, Retail Installment Contract).

The Retail Installment Contract also provided that the arbitration provision was

"made pursuant to a transaction involving or affecting interstate commerce, and shall be

governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.)." (*Id.*).  Moreover, the

arbitration provision reserved questions of arbitrability for the arbitrator to decide: "Any

question whether a particular controversy or claim is subject to arbitration or any question

as to enforceability of all or part of this arbitration provision shall be decided by the

arbitrator." (*Id.*).  In addition, the Retail Installment Contract contained a provision

waiving representative actions: "both parties agree that all claims must be resolved on an

individual basis through arbitration and representative actions, such as class actions, are

prohibited." (*Id.*).

---

[1] Plaintiff Sampson does not have any business relationship with Defendant Credit
Acceptance Corporation.  (*See* Def.'s Mot. Ex A, Zolman Decl. at ¶4).  Rather, Sampson's claim
arises out of alleged indebtedness to Defendant Henry Ford Health System.

## II.    Discussion

A dispute is arbitrable where a valid arbitration agreement exists between the parties

and the parties' dispute falls within the substantive scope of the arbitration agreement.

*Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003).  Plaintiff Copeland

does not dispute that this action falls within the scope of the arbitration agreement.

Rather, Plaintiff contends that the arbitration agreement is unenforceable as

unconscionable.

To void a contractual provision as unconscionable, under Michigan law, a court

must find ***both*** "procedural" and "substantive" unconscionability.  *Northwest Acceptance*

*Corp. v. Almont Gravel, Inc.*, 162 Mich. App. 294, 302, 412 N.W.2d 719, 723 (1987).

In Michigan, the following two-prong test is applied to determine whether a provision

was procedurally and substantively unconscionable:

> (1)    What is the relative bargaining power of the parties, their relative
> economic strength, the alternative sources of supply, in a word, what
> are their options?
>
> (2)    Is the challenged term substantively reasonable?

*Id.* ; *see also Rehmann, Robson & Co. v. McMahon*, 187 Mich. App. 36, 43, 466 N.W.2d

325, 329 (1991).

### A. <u>The arbitration provision is not procedurally unconscionable</u>

Under Michigan law, "[t]he most important factors in deciding procedural

unconscionability are: (1) whether the economically weaker party had an alternative

source with which it could contract, and (2) whether the contract term was in fact

negotiated."  *Pack v. Damon Corp.*, 320 F. Supp. 2d 545, 556 (E.D. Mich. 2004).

In this case, Plaintiff has failed to demonstrate that he could not have obtained a vehicle from another seller who would not have required Plaintiff to sign an arbitration agreement.

Moreover, Plaintiff has not provided any evidentiary support for his claim that he would not have been able to purchase the vehicle without agreeing to the arbitration clause.  In *Pack*, the court found that the plaintiff failed to meet his burden of showing procedural unconscionability where the plaintiff "[did] not assert that he attempted to negotiate the arbitration provision and was refused."  *Pack*, 320 F. Supp. at 556. Similarly, in this case, nowhere in the record does Plaintiff Copeland indicate that he attempted to negotiate the arbitration provision.

Finally, Plaintiff contends that given the circumstances surrounding the agreement's form and execution, it is unconscionable.  The Court disagrees.  First, Plaintiff has failed to describe any "circumstances" which would lend support to his argument that the agreement's execution was unconscionable.  Second, the agreement was contained in a short two-page contract.  The first page contained the following language:

> ARBITRATION NOTICE: PLEASE SEE THE REVERSE SIDE OF THIS CONTRACT FOR INFORMATION REGARDING THE ARBITRATION CLAUSE CONTAINED IN THIS CONTRACT.

(Pl.'s Resp. Ex. 1).

In addition, the arbitration agreement, which is contained on the second page, in three paragraphs is clearly titled: "AGREEMENT TO ARBITRATE."  The first sentence of the agreement provides: "Any dispute, controversy or claim . . . arising out of or in any way related to the Contract . . . shall be fully resolved by binding arbitration."  Therefore,

the Court does not believe that Plaintiff has presented any evidence to demonstrate that the agreement's form was unconscionable.

### B.  The arbitration provision is not substantively unconscionable

Even assuming *arguendo* that Plaintiff had established that the arbitration provision was procedurally unconscionable, Plaintiff has failed to show that the provision was substantively unconscionable.  Plaintiff contends that the arbitration agreement was substantively unreasonable because: (1) the provision was one-sided; (2) the costs of arbitration prohibit Copeland from vindicating his rights; and (3) it precluded class actions.  The Court will address each of these arguments separately.

Plaintiff contends that arbitration provision is one-sided because it requires Plaintiff to submit to arbitration but allows Defendant to file a lawsuit, citing the following provision:

> Notwithstanding the foregoing, Seller and Seller's assignee Credit Acceptance Corporation retain the right . . . (3) to enforce the monetary obligation of Buyer under the contract through judicial relief.  Such judicial relief may take the form of a lawsuit.

(Pl.'s Resp. Ex. 1).

However, the agreement also provides:

> Upon the invocation of arbitration under this Contract the other party shall submit to arbitration any claim or counterclaim which such party may have against the invoking party, whether deemed to be compulsory or permissive in law.

(*Id.*).

Defendant contends that the effect of this second provision is that even if Defendant were to file a lawsuit, Plaintiff could invoke the arbitration provision and require the

6

claims to be submitted to arbitration. In addition, the Sixth Circuit has found that

arbitration agreements may be enforceable even if they require one party, but not the

other, to arbitrate its claims. *See, e.g.*, *Wilson Elec. Contractors, Inc. v. Minnotte*

*Contracting Corp.*, 878 F.2d 167, 168-69 (6th Cir. 1989). Thus, the Court does not

believe that the provision cited by Plaintiff renders the arbitration agreement

substantively unreasonable.

Plaintiff contends that the costs of arbitration prevent Plaintiff from vindicating his

rights. To invalidate an arbitration provision based on excessive costs, it is the

challenging party's burden to "come forward with evidence demonstrating that the

potential costs of arbitration . . . are great enough to deter plaintiff or similarly situated

individuals from seeking to vindicate their rights in an arbitral forum." *Pack*, 320 F.

Supp. 2d at 556. Moreover, where "a party seeks to invalidate an arbitration agreement

on the ground that arbitration would be prohibitively expensive, that party bears the

burden of showing the likelihood of incurring such costs." *Green Tree Fin. Corp.-*

*Alabama v. Randolph*, 531 U.S. 79, 92, 121 S. Ct. 513, 522 (2000).

In this case, Plaintiff has failed to come forward with any evidence demonstrating

that the costs of arbitration are a deterrence. First, the arbitration provision requires

Defendant to pay that the first day's arbitration fees and costs:

> Seller and Seller's assignee, Credit Acceptance Corporation agree for the first day
> of arbitration to bear the arbitrator's fee and any other reasonable expense or cost
> (excluding attorney fees) that you would not be required to bear if you were free
> to bring this dispute, controversy or claim in court, as well as any other
> reasonable expense or cost that is unique to the arbitration process.

(Def.'s Reply Ex. A).

Plaintiff has not presented this Court with any evidence of a likelihood that arbitration would exceed one day, resulting in any costs at all to Plaintiff.

Second, any costs Copeland would be required to pay under the rules of any of the three available arbitration administrators are limited. For example, because Plaintiff is seeking approximately $1,500 in damages, under the National Arbitration Forum schedule, Plaintiff's claim is one of "$74,999 or less" and therefore, his fees are limited to a maximum of $250. (Pl.'s Resp. Ex. 3, National Arbitration Forum fee schedule at 4). In addition, fees charged by JAMS and the American Arbitration Association are limited to $125. (Pl.'s Resp. Ex. 2; Def.'s Reply Ex. B). Therefore, the Court does not believe that the arbitration provision should be invalidated because it imposes undue costs on Plaintiff.

Finally, Plaintiff contends that the arbitration agreement's preclusion of class actions renders the agreement substantively unreasonable. The Court disagrees. Although this issue has not been addressed by the Sixth Circuit, other Circuits have found that arbitration agreements which contain a class action waiver are not unconscionable. "[A]rbitration agreements precluding class action relief are valid and enforceable." *Jenkins v. First Am. Cash Advance of Georgia, LLC*, 400 F.3d 868, 877-78 (11th Cir. 2005); *see also Livingston v. Associates Finance, Inc.*, 339 F.3d 553, 559 (7th Cir. 2003) (upholding arbitration agreement's class action waiver); *Snowden v. Checkpoint Check Cashing*, 290 F.3d 631, 638-39 (4th Cir. 2002) (same).

Consequently, because Plaintiff has failed to demonstrate that the arbitration agreement at issue was procedurally and substantively unconscionable, the Court must

8

stay the proceedings pending arbitration.  *See* 9 U.S.C. § 3.

Accordingly,

**IT IS ORDERED** that Defendant Credit Acceptance Corporation's Motion to Stay

Proceedings Pending Arbitration is **GRANTED**.


s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Steven D. Liddle, Esq.
Terrence J. Miglio, Esq.
Kelly A. Kruse, Esq.
David DuMouchel, Esq.
Dennis M. Haffey, Esq.